IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01882-BNB

TERRANCE FARRELL,

Plaintiff,

v.

STATE OF COLORADO,
RICK RAEMISCH,
ESTATE OF TOM CLEMENTS,
ARISTEDES ZAVARIS, and
DAVID HERNANDEZ,

Defendants.

---

ORDER TO AMEND

---

Plaintiff, Terrance Farrell, III, a *pro se* prisoner litigant, initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. The Court reviewed the documents, determined they are deficient, and directed Plaintiff to cure the deficiencies. On July 15, 2014, Plaintiff cured the deficiencies by submitting a new Prisoner Complaint and Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. The Court granted Plaintiff leave to proceed pursuant to § 1915.

The assertions in the July 15 Complaint differ from those stated in the original Complaint. "An amended complaint 'supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.' " *See Hooten v. Ikard Servi Gas*, No. 12-2179, 2013 WL 1846840 at *4 (10th Cir. May 3, 2013) (quoting *Giles*

*v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990)). The Court, therefore, will address only the claims presented in the July 15 Complaint.

The Court must construe the July 15 Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Plaintiff will be directed to file an Amended Complaint for the reasons stated below.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able

to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

The Court has reviewed Plaintiff's Complaint and finds that he fails to provide a short and plain statement of his claims in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rather than state under the Cause of Action section of the Complaint how each responsible defendant violated his constitutional rights, Plaintiff makes generic statements regarding how the Colorado Department of Corrections has intentionally denied prisoners earned time credit.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court, however, will give Plaintiff an opportunity to cure the deficiencies in the Complaint by submitting an Amended Complaint that meets the requirements of Fed. R. Civ. P. 8.

To state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff also must assert personal participation by each named defendant in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S.

159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Supervisors can only be held liable for their own misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A supervisor cannot incur liability under § 1983 for his mere knowledge of a subordinate's wrongdoing. *Id.*; *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Plaintiff cannot maintain claims against prison officials or administrators on the basis that they denied his grievances. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th

Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").

Plaintiff also filed a Motion for Class Certification, ECF No. 3. Plaintiff does not state in the Motion why he seeks class certification, but a review of the July 15 Complaint indicates that he seeks to certify a class of prisoners who allegedly have not received earned time credit against their sentence. A prerequisite for class action certification is a finding by a court that the representative party can "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Because a layperson ordinarily does not possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a *pro se* litigant. *See* 7A Wright, Miller & Kane, *Federal Practice and Procedure* Civil 3d § 1769.1 & n.13 (3d ed. 2005 & Supp. 2009); *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (*pro se* prisoners are not adequate representatives for a class). The Tenth Circuit has held that while a *pro se* litigant may assert his own claims in federal court, his competence as a layperson is too limited to protect the rights of others. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *see also Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J. 1992) (holding that "[e]very court that has considered the issue has held that a prisoner

proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action") (citations omitted). The Court also must take note of the logistical and administrative constraints *pro se* inmate litigants experience, which severely restricts their ability to investigate class claims and contact class members. Because the putative class representatives are proceeding *pro se*, the Court finds that class certification is inappropriate. Accordingly, it is

ORDERED that Plaintiff shall have **thirty days from the date of this Order** to file an Amended Complaint as directed above. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant) along with the applicable instructions at www.cod.uscourts.gov, and shall use the form for filing the Amended Complaint. It is

FURTHER ORDERED that if Plaintiff fails to comply within the time allowed the Court will dismiss the action without further notice. It is

FURTHER ORDERED that the Motion for Class Certification, ECF No. 3, is denied.

DATED July 18, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge