IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01882-MSK-CBS

TERRENCE M. FARRELL, III,
    Plaintiff,
v.

STATE OF COLORADO,
RICK RAEMISCH,
TOM CLEMENTS,
ARISTEDES ZAVARAS,
    Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Mr. Farrell's Motion to Amend. Pursuant to the Order Referring Case dated September 18, 2014 (Doc. # 15) and the memorandum dated June 24, 2015 (Doc. # 38), this matter was referred to the Magistrate Judge. The court has reviewed the Motion and tendered Second Amended Complaint ("SAC") (Docs. # 37 and # 37-1), Defendants' Response (filed July 15, 2015) (Doc. # 40), the entire case file, and the applicable law, and is sufficiently advised in the premises.

I.    Statement of the Case

    Mr. Farrell is currently incarcerated at the Boulder County Jail in Boulder, Colorado. At the time of the filing of this civil action, he was incarcerated at the Colorado Department of Corrections (CDOC") in Cañon City, Colorado. Mr. Farrell commenced this case *in forma pauperis* on July 7, 2014. (*See* "Prisoner Complaint" (Doc. # 1), Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. # 6), "Order Granting Leave to Proceed Pursuant to 28

U.S.C. § 1915" (Doc. # 8)). At the court's direction, Mr. Farrell filed his Amended Complaint on July 30, 2014. (*See* "Order to Amend" (Doc. # 9), Amended Prisoner Complaint (Doc. # 11)).

Mr. Farrell originally alleged that his sentence was improperly calculated by the CDOC with regard to good time and earned time credit. At the Status Conference held on November 3, 2014, Mr. Farrell clarified that his claims were based on an unpublished decision by the Colorado Court of Appeals that was pending before the Colorado Supreme Court, *Ankeney v. Raemisch et al.* (*See* Courtroom Minutes/Minute Order (Doc. # 21)). After discussion on the record and upon Mr. Farrell's motion, the court stayed this civil action pending a ruling from the Colorado Supreme Court in *Ankeney v. Raemisch et al.* (*See id.*). The court noted that a similar pending case had been stayed to await a ruling from the Colorado Supreme Court in *Ankeney v. Raemisch et al.* (*See* Courtroom Minutes/Minute Order (Doc. # 21); *Ankeney et al. v. Raemisch et al.*, Civil Action No. 14-cv-00007-MSK-KMT). As in Civil Action No. 14-cv-00007-MSK-KMT, the court denied Defendants' pending Motion to Dismiss without prejudice. (*See id.*). The court directed the parties to file a status report within ten days after the Colorado Supreme Court issued its ruling. (*See id.*).

The Colorado Supreme Court issued its ruling on March 16, 2015, reversing the decision of the Colorado Court of Appeals. *See Ankeney v. Raemisch*, 344 P.3d 847 (Colo. 2015). The Colorado Supreme Court determined that for inmates convicted of crimes committed after July 1, 1993, good time credits awardable by section 17-22.5-301, C.R. S. (2014), are applicable to a determination of the date of parole eligibility, not to a determination of the date of mandatory release to parole. *Ankeney*, 344 P.3d at 852. The Colorado Supreme Court also rejected Mr. Ankeney's arguments regarding his alleged entitlement to educational earned time credits. *Id.* In light of the Colorado Supreme Court's ruling in *Ankeney*, on March 30, 2015 Mr. Farrell was directed to notify the court how he intended to proceed with this case. (*See* Minute Order (Doc.

# 31)).  On June 22, 2015, Mr. Farrell filed the instant Motion to Amend, to which he attached a proposed SAC.

Mr. Farrell seeks leave to file a SAC in which he has apparently abandoned the claims that he previously alleged concerning the application of good time and earned time credit to his sentence under the rationale of the Colorado Court of Appeals decision that has since been reversed.  (*See* Doc. # 37-1 at 4-14 of 16).  He now seeks to bring claims pursuant to Title 42 U.S.C. § 1983 alleging that his sentence discharge date was wrongfully extended by 7 days because he was not given all of the earned time credit for which he was eligible following the expungement of a disciplinary conviction.  (*See id.* at 4-6 of 16).

II.     Standard of Review

Motions to amend are committed to the trial court's discretion.  *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).  The Federal Rules in general embody a policy which favors the resolution of claims on the merits, rather than on procedural grounds. *Calderon v. Kansas Dept. of Social and Rehabilitation Services*, 181 F.3d 1180, 1186 (10th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178, 181-82 (1962)).  Leave to amend should be freely given based on the balancing of several factors, including futility, delay, bad faith, dilatory motive, repeated failure to cure deficiencies, and prejudice to the opposing party.  *Moore v. Reynolds*, 153 F.3d 1086, 1116 (10th Cir. 1998) (citing *Foman*, 371 U.S. at 181-82).

Nevertheless, "[t]he broad permissive language appearing in both the rule and the cases does not mean that there are no standards by which the trial court is to be guided." 6 Charles A. Wright et al., *Federal Practice and Procedure* § 1473 (1990).  Although Fed. R. Civ. P. 15(a) requires leave to amend be given freely, that requirement does not apply where an amendment obviously would be futile.  *T.V. Communications Network, Inc. v. Turner Network Television,*

*Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992) (citations omitted).  Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted.  *Id*.  *See also Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.") (internal quotation marks and citation omitted);  *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992) (A court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it fails to state a claim upon which relief may be granted.);  *Schepp v. Fremont County*, 900 F.2d 1448, 1451 (10th Cir.1990) (A motion to amend may be denied as futile "if the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim.");  *Simon v. Navon*, 951 F. Supp. 279, 283-84 (D. Me. 1997) (motion to amend may be denied where proposed amendment advances claim that is legally insufficient on its face).

In order to determine whether a proposed amendment is futile, the court must analyze the proposed amendment as if it were before the court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Sheldon v. Vermonty*, 204 F.R.D. 679, 682 (D. Kan. 2001).  Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."

> In reviewing a motion to dismiss, this court must look for plausibility in the complaint.   Under this standard, a complaint must include enough facts to state a claim to relief that is plausible on its face.  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

*Corder v. Lewis Palmer School Dist. No. 38*, 566 F.3d 1219, 1223-24 (10th Cir. 2009) (internal quotation marks and citations omitted).  The burden is on the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

4

The court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). However, the court should not "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir.1997) (citing *Hall*, 935 F.2d at 1110).

III.    Analysis

Mr. Farrell seeks leave to amend to assert claims based upon entirely different factual allegations and against entirely new defendants. Defendants argue that all of the claims in the proposed SAC are subject to dismissal and thus are futile.

In his proposed SAC, Mr. Farrell alleges three claims for: (1) violation of his Fourth Amendment rights, (2) violation of his procedural and substantive due process rights under the Fourteenth Amendment, and (3) violation of his Eighth Amendment rights. (*See* Doc. # 37-1). All of his claims are founded upon his allegation that his sentence discharge date ("SDD") was improperly extended by either six or seven days because he did not receive all of his earned time credit after a disciplinary conviction was expunged. (*See id.* at 4 of 16, ¶ 3, 6 of 16, ¶ 7, Plaintiff's Supplemental Brief Supporting Summary Judgment (Doc. # 48) at 1, 2 of 7). Pursuant to the CDOC's regulations, inmates who receive disciplinary convictions under the Code of Penal Discipline (COPD) are not eligible for earned time credits for a certain amount of time following their conviction, depending upon the level of the disciplinary violation. (*See* Doc. # 37-1 at 4 of 16). Mr. Farrell alleges that he received disciplinary convictions that rendered him ineligible for earned time credits for a certain time period. (*See id.*). He consequently did not receive all of the earned time credits that had previously been estimated. (*See id.*). He alleges that one of the disciplinary convictions was subsequently reversed and expunged, making him eligible for restoration of earned time credits for a time period for which he had previously been

5

ineligible. (*See id.*). However, prison staff did not restore the earned time credits, resulting in an SDD that was 6 or 7 days later.

First, Mr. Farrell cannot base any of his claims upon violations of state law. He seeks leave to assert claims that his rights under the Fourth, Fourteenth, and Eighth Amendments have been violated because his SDD was extended by 7 days and he should have been awarded an additional four days per month of earned time. (*See* Doc. # 37-1 at pp. 4-6, 10-12 of 16). His claims are entirely premised upon earned time credits to which he alleges he was entitled under state law. Under federal law, he had no right to release prior to the expiration of his sentence. *See Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. at 7 ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974) ("the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison"). For this reason, Mr. Farrell's proposed SAC is futile as a matter of law.

Second, because the Fourth Amendment does not create a constitutional right not to be imprisoned past the date his sentence expires, Mr. Farrell's claim for wrongful confinement under the Fourth Amendment fails to state a claim to which relief can be granted. "A prisoner has a constitutional right, founded on either the Fifth or Eighth Amendment, or both, not to be imprisoned past the date his sentence expires." *Sloan v. Pugh*, 2005 WL 2464678, at *1 (D.Colo. 2005) (collecting cases from the Second, Fifth, Eighth, Ninth, and Tenth Circuits). "Plaintiff cites to no case, and I have found none, holding that the Fourth Amendment creates a constitutional right" not to be imprisoned past the date his sentence expires. *Sloan*, 2005 WL 2464678, at *5 n. 2. For this reason also, Mr. Farrell's proposed Fourth Amendment claim is futile as a matter of law.

Nor does Mr. Farrell state a claim to which relief can be granted pursuant to his Eighth and Fourteenth Amendment claims. "Good time and earned time credits serve only to determine the parole eligibility date." *Meyers v. Price*, 842 P.2d 229, 232 (Colo. 1992) (citations omitted). "[W]hen the inmate's actual time served, pre[-]sentence confinement credit, and good time and earned time credits equal or exceed the sentence imposed, he is not entitled to unconditional release, but rather has earned the right to be considered for parole." *Jones v. Martinez*, 799 P.2d 385, 387–88 (Colo. 1990) (footnote omitted). There is no constitutional right to good or earned time credits. *Rather v. Suthers*, 973 P.2d 1264, 1266 (Colo. 1999). *See also Gandy v. Arellano*, No. 08-cv-02473, 2010 WL 2650470, at * 3-4 (D. Colo. June 30, 2010) ("An offender has no constitutional right to good—and earned—time credits.") (citations omitted). Even if the COPD conviction that had previously made him ineligible for good or earned time credits had been reversed, Mr. Farrell had no constitutional right to such credits. *See Verrier v. Colo. Dep't of Corrs.*, 77 P.3d 875, 878 (Colo. App. 2003) ("granting of earned time credit under § 17–22.5–302(1.5)(a) lies in the discretion of the DOC, and plaintiff has no clear right to receive, and defendants have no clear duty to grant, earned time credit."); *Meyers*, 842 P.2d at 231 (acknowledging the CDOC's discretionary authority to award good time and earned time credits). Thus, he does not state a due process claim based on the denial of earned time credits. *Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006) ("where, as here, the credits are discretionarily awarded, 'the defendants have not deprived [Mr.] Fogle of any earned time to which he was entitled' and thus no liberty interest is involved.") (quoting *Templeman v. Gunter*, 16 F.3d 367, 370 (10th Cir. 1994). For these reasons, Mr. Farrell's proposed Eighth and Fourteenth Amendment claims are futile as a matter of law.

To the extent that Mr. Farrell seeks relief in the form of damages, such claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held

that if a judgment for damages favorable to a plaintiff in a § 1983 action necessarily would imply the invalidity of the plaintiff's criminal conviction or sentence, the § 1983 action does not arise until the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486-87. "A claim for damages that has not been so invalidated is not cognizable under § 1983." *Heck*, 512 U.S. at 487. "Although Heck focused solely on claims for money damages, subsequent decisions have extended its reach to encompass claims for injunctive and other equitable relief where such relief implicates the validity of the inmate's conviction." *Firth v. Shoemaker*, No. 09-cv-00224-MSK-MJW, 2010 WL 882505, at *3 (D. Colo. Mar. 8, 2010) (citation omitted).

*Heck* also applies to challenges to the duration of confinement and "the fact or duration of parole." *See Edwards v. Balisok*, 520 U.S. 641 (1997) (applying "*Heck* in the circumstances of a § 1983 action claiming damages and equitable relief for a procedural defect in a prison's administrative process, where the administrative action taken against the plaintiff could affect credits toward release based on good-time served."); *Haynes v. Colo. Dep't of Corr.*, No. 11-cv-03176-BNB, 2012 U.S. Dist. LEXIS 2884, at * 3-4 (D. Colo. Jan. 9, 2012) (because inmate "has not shown that his period of mandatory parole has been invalidated, his request for damages based on the fact or duration of his parole is also barred by *Heck*.") (citation omitted). Mr. Farrell's claims implicate the validity of his sentence. He does not allege that the duration of his confinement was "reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal or called into question by a federal court's issuance of a writ of habeas corpus." Any claim for damages is thus barred by *Heck*.

In his proposed SAC, Mr. Farrell has abandoned his original claims, as he must in light of the decision by the Colorado Supreme Court in *Ankeney v. Raemisch*, 344 P.3d at 847. (*See*

Doc. # 11 at 11 of 15 ("The heart of this Complaint . . .is that once an inmate has earned good time or earned time, it must be 'actually applied' to their release dates.")).  *See also Ankeney v. State of Colorado*, No. 14-cv-00007-MSK-KMT (order granting unopposed motion to dismiss case with prejudice based on Colorado Supreme Court's ruling and opinion in *Ankeney v. Raemisch*, 344 P.3d at 847, reversing the judgment of the Colorado Court of Appeals and denying the individual relief plaintiff requested).  Mr. Farrell's Amended Complaint is also properly dismissed for failure to state a claim to which relief can be granted.

Accordingly, IT IS RECOMMENDED that:

1.     Mr. Farrell's Motion to Amend to file his proposed Second Amended Complaint (filed June 22, 2015) (Doc. # 37) be DENIED.

2.     The Amended Complaint (Doc. # 11) and this civil action be dismissed.

3.     Mr. Farrell's Motion for Summary Judgment (filed October 21, 2015) (Doc. # 46) and Defendants' Motion to Strike (filed November 13, 2015) (Doc. # 49) be denied as moot.

**Advisement to the Parties**

Within **fourteen days** after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real*

*Property Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar de novo review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation de novo despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado this 24th day of November, 2015.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge