**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 14-cv-01882-MSK-CBS

**TERRANCE FARRELL, III,**

    Plaintiff,

v.

**STATE OF COLORADO;
RICK RAEMISCH;
TOM CLEMENTS; and
ARISTEDES ZAVARIS,**

    Defendants.

**OPINION AND ORDER ADOPTING RECOMMENDATION
AND DENYING MOTION TO AMEND**

**THIS MATTER** comes before the Court on the Plaintiff Terrance Farrell III's Motion to Amend **(#37)** and the Defendants' Response **(#40)**. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation **(#51)** recommending that the motion be denied.[1]

Mr. Farrell was a prisoner incarcerated in the Colorado Department of Corrections (CDOC) and housed at Crowley Correction Facility.[2] In 2014, he filed a *pro se*[3] prisoner

---

[1] Also pending before the Court are Mr. Farrell's Motion for Summary Judgment **(#46)** and the Defendants' Motion to Strike the Motion for Summary Judgment **(#49)**.

[2] Mr. Farrell is now incarcerated at the Boulder County Jail.

[3] The Court is mindful of Mr. Farrell's *pro se* status, and accordingly, reads his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other such defects in a plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relive a plaintiff of the duty to comply with various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards,

1

complaint, alleging that CDOC failed to apply his good time and earned time credits when calculating his mandatory release date and sentence discharge date. Relying on the reasoning of an unpublished Colorado Court of Appeals case, *Ankeney v. Raemisch*, 2013 WL 4495117 (Colo. App., Aug. 22, 2013), Mr. Farrell asserted claims under 42 U.S.C. § 1983 for violation of his rights under the Fourth, Fourteenth, and Eighth Amendments.

In March 2015, the Colorado Supreme Court issued its ruling in *Ankeney v. Raimisch*, 344 P.3d 847 (Colo. 2015), and reversed the Colorado Court of Appeals. In light of the court's decision, Mr. Farrell's claims were rendered meritless. Thereafter, the Magistrate Judge ordered Mr. Farrell to notify the Court as to how he wished to proceed, "including whether [he] intend[ed] to file a motion to amend his complaint." In response, Mr. Farrell filed the pending Motion to Amend **(#37)**.

In his proposed second amended complaint, attached to the motion, Mr. Farrell continues to assert claims under 42 U.S.C. § 1983 for violation of his rights under the Fourth, Fourteenth and Eighth Amendments, but he abandons his claims against Rick Raemisch, Tom Clements, and Aristedes Zavaris, and instead asserts his claims against the State of Colorado and three new defendants: Patricia Wright, Time Computation Supervisor; Corrections Corporation of America (CCA); and Warden Miller at CCA Crowley. In the proposed amended complaint, Mr. Farrell generally alleges that he was incarcerated beyond his sentence discharge date. Mr. Farrell alleges that when he arrived at Crowley Correction Facility, his sentence discharge date was May 29, 2015. But later, the date was inexplicably changed to June 6, 2015. Mr. Farrell alleges that he filed many grievances attempting to fix the issue and get an explanation, none of which were

---

the Court will treat the Mr. Farrell according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

responded to. He alleges that he contacted Patricia Wright, but she responded "nothing is changing." He also alleges that he contacted Warden Miller, who did nothing to investigate or remedy the problem. Mr. Farrell alleges that he was then transferred to Buena Vista Correctional Facility. In January 2015, he was convicted of a disciplinary violation (fighting), but that conviction was later reversed. He alleges that violation resulted in his being ineligible to earn ten, rather than six, days of earned time credit per month. He alleges that after the violation was reversed, his eligibility to earn ten days per month should have been restored. He alleges that he filled out two "classification appeals," neither of which were replied to.

The Motion to Amend was referred to the Magistrate Judge, who recommends that the motion be denied. The Magistrate Judge construed Mr. Farrell's claims as being based on the Defendants' failure to award him earned time credits to which he believes he was entitled. The Magistrate Judge determined that amendment would be futile because the claims would be subject to dismissal for failure to state a claim.

The Plaintiff filed timely Objections **(#53)** to the Recommendation, arguing that the Magistrate Judge misconstrued his claims. Mr. Farrell argues that his claims are not based on entitlement to earned time credits, but rather on the fact that his discharge date was extended without explanation and therefore he was over-detained.

When a Magistrate Judge issues a Recommendation on a dispositive motion, the parties may file specific, written objections within 14 days after being served with a copy of the Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court shall make a *de novo* determination of those portions of the recommendation to which timely and specific objection is made. *U.S. v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

As relevant here, Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading only by leave of court. The Rule provides that leave to amend shall be freely given when justice so requires, thereby exhibiting a general policy favoring the resolution of claims on the merits, rather than on procedural grounds. *Calderon v. Kansas Dept. of Social and Rehabilitation Services*, 181 F.3d 1180, 1186 (10th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178, 181-82 (1962)). Motions to amend are committed to the trial court's discretion. *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). In determining whether to allow amendment, the Court must balance several factors, including futility, delay, bad faith, dilatory motive, repeated failure to cure deficiencies, and prejudice to the opposing party. *Moore v. Reynolds*, 153 F.3d 1086, 1116 (10th Cir. 1998) (citing *Foman*, 371 U.S. at 181-82).

Having reviewed Mr. Farrell's motion *de novo*, the Court understands the motion to be making two requests. First, Mr. Farrell seeks to dismiss all his original claims based on the Colorado Court of Appeals case, *Ankeney v. Raemisch*, 2013 WL 4495117 (Colo. App., Aug. 22, 2013). As noted, Mr. Farrell's proposed amended complaint abandons all claims originally asserted based on the reasoning of that case and relating to the failure to apply good time credits. In this regard, the motion operates to voluntarily dismiss these claims under Fed. R. Civ. P. 41(a)(2). There is no opposition to Mr. Farrell's dismissal of these claims against all Defendants, and therefore the Court grants this aspect of the motion.

Second, Mr. Farrell seeks to amend his complaint to assert new claims against new defendants, based on his allegation that he was detained beyond his discharge date. The Court has reviewed Mr. Farrell's motion and proposed amended complaint *de novo* and finds that amendment should not be granted. To the extent the Magistrate Judge did not misconstrue Mr. Farrell's claims based on a failure to award earned time credits, the Court agrees with and adopts the reasoning and analysis of the Recommendation. However, to the extent Mr. Farrell's allegations

could reasonably be understood to assert claims based solely on over-detention, the Court finds that these claims present entirely new legal theories, are asserted against new defendants, and are based entirely on events that occurred after Mr. Farrell filed his original complaint.  In the Tenth Circuit, courts may properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint "a moving target" or to "salvage a lost case by untimely suggestion of new theories of recovery."  *See, e.g., Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998); *Hayes v. Whitman*, 264 F.3d 1017, 1027 (10th Cir. 2001).  Here, the Court finds that Mr. Farrell is indeed using Rule 15 in an attempt to convert his original, unsuccessful lawsuit into an entirely different suit against different people for different reasons.  Essentially, Mr. Farrell's proposed amended complaint presents an entirely new action.  Should Mr. Farrell wish to pursue his claims, he may do so by filing a new case.

For the forgoing reasons, the Recommendation **(#51)** is **ADOPTED** and the Plaintiff's Motion to Amend **(#11)** is **DENIED**.  The Plaintiff's motion, incorporated in the motion to amend, to dismiss claims asserted in the Amended Prisoner Complaint **(#11)** is **GRANTED** and all claims are dismissed.  The Plaintiff's Motion for Summary Judgment **(#46)** and the Defendant's Motion to Strike **(#49)** is **DENIED AS MOOT**.  The Clerk is directed to close this case.

Dated this 31st day of March, 2016.

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge